UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSE RICO, ET AL.

CIVIL ACTION

VERSUS

NO. 24-978-JWD-RLB

ARCH INSURANCE COMPANY, ET AL.

**RULING AND ORDER**

This matter comes before the Court on *Defendant Arch's Rule 12(b)(6) Motion to Dismiss For Failure To State A Claim* (Doc. 17) filed by Defendant Arch Insurance Company ("Arch" or "Defendant"). Plaintiffs Jose Rico and Maria Rico, individually and on behalf of L.R., Alondra Rico, and Sophia Rico ("Plaintiffs") oppose the motion. (Doc. 23.) No reply was filed. Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendants' motion is denied.

I. **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This suit arises out of an automobile accident that occurred on or about December 20, 2023. (Doc. 1-1 at 2, ¶ 7.) Plaintiffs allege that they were "traveling westbound on the exit ramp from Interstate 10 near the intersection with Mire Highway in Acadia Parish" when Defendant James Aaron ("Aaron") "violently collided" with the rear of Plaintiffs' car. (*Id.* at 2, ¶¶ 5–7.) Plaintiffs claim that at the time of the accident, the vehicle driven by Aaron was owned by Aaron's employer, Arab Cartage & Express Co. Inc. ("Arab"), and that Arch Insurance Company ("Arch") was the motor vehicle insurer. (*Id.* at 2–3, ¶¶ 6, 12.)

On July 30, 2024, Plaintiffs filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. (*Id.* at 3–4.) Plaintiffs asserted claims against Aaron, Arab, Arch,

and Plaintiffs' insurer, State Farm Mutual Automobile Insurance Company ("State Farm"). (*Id*. at 3–4.) Defendants Arch, Arab, and Aaron removed the action to this Court on December 2, 2024. (Doc. 1.)[1]

On February 4, 2025, Defendant Arch then filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 17.) Defendant claims that Plaintiffs' direct action against Arch is impermissible under Louisiana law due to the recent amendment to the Direct Action Statute, La. R.S. § 22:1269. (Doc. 17-3 at 1.) Defendant asserts that, due to the amendment, "Plaintiff[s] no longer possess a direct right of action against Arch as Arab's insurer." (*Id*. at 2.) Defendant contends "Plaintiff[s] neither allege[] nor will be able to show [ ] one of the exceptions needed for the current form of [the Direct Action Statute] to allow for a direct action against Arch to be sustained." (*Id*. at 2–3.) Therefore, Defendant asserts that the language of the law "requires that the court dismiss Arch . . . as a defendant." (*Id*. at 3.)

Plaintiffs respond that Defendant's motion should be denied because the amendment to the Direct Action Statute should not apply retroactively. (Doc. 23 at 4.) Plaintiffs contend, inter alia, that "procedural laws are not accorded retroactive effect where such retroactivity would operate unconstitutionally to disturb vested rights." (*Id*. at 4–5) (citing *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 192 (5th Cir. 2010); *Lott v. Haley*, 370 So. 2d 521, 523 (La. 1979).) Plaintiffs assert that "once a party's cause of action accrues, it becomes a vested property right that may not constitutionally be divested." (*Id*. at 5) (quoting *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1063 (La. 1992).) Going further, Plaintiffs contend that "statutes enacted after the acquisition of such a vested property right . . . cannot be retroactively applied so as to divest the plaintiff of his vested right in his cause of action because such a retroactive application would contravene the due process

---

[1] Arch, Arab, and Aaron represented in their Notice of Removal that "Plaintiff has agreed and [is] in the process of dismissing State Farm" and that "State Farm has no objection to removal of this matter." (Doc. 1 at 3, ¶ 7.)

2

guaranties." (*Id.*) (citing *Faucheaux v. Alton Ochsner Medical Foundation Hosp. and Clinic*, 470 So. 2d 878, 879 (La.1985); *Cole*, 599 So. 2d at 1063-1064.) Therefore, Plaintiffs assert that "because the Direct Action Statute in effect at the time of the accident, December 20, 2023 and at the time of filing suit, July 30, 2024, provided substantive rights of action which were eliminated by the amendment, it is clear that the amended Direct Action Statute cannot be applied retroactively." (*Id.*)

## II.   RULE 12(B)(6) STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 499 (5th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting Iqbal, 556 U.S. at 678).

"To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co*. LLC, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). The Court does "not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (citing *Iqbal*, 556 U.S. at 679).

The Court's "task, then, is 'to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Doe v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678))."[A] claim is plausible if it is supported by 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct].'" *Calhoun v. City of Houston Police Dep't*, 855 F. App'x 917, 919–20 (5th Cir. 2021) (per curiam) (quoting *Twombly*, 550 U.S. at 556).

### III.   LAW AND ANALYSIS

Having carefully considered the matter, the Court will deny Defendant's motion. In short, the Court finds that this case is directly controlled by its decision in *Tridico v. Allianz Underwriters Ins. Co.*, No. 24-302, 2025 WL 1244855 (M.D. La. Apr. 22, 2025) (deGravelles, J.).

More specifically, in *Tridico*, this Court evaluated the same issue presented here: "whether the amendment to the Direct Action Statute applie[d] retroactively when Plaintiff filed suit before the amendment's effective date." *Id.* at *7. This Court began by noting that, "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." *Id.* at *4–5 (quoting *Blow v. OneBeacon Am. Ins. Co.*, 2016-0301, (La. App. 4 Cir. 4/20/16) 193 So. 3d 244, 254 (quoting La. Civ. Code art. 6)). Further, "[t]he Louisiana Supreme Court has consistently interpreted the Direct Action Statute to be a procedural law." *Id.* at *5 (collecting cases).

This Court then explained how "Courts are currently divided whether the amendment to the Direct Action Statute can be applied retroactively." *Id.* But, this Court was persuaded by those cases that "have held that if a plaintiff files a direct action before the effective date of the

4

amendment, a plaintiff cannot be retroactively divested of its procedural right granted by the Direct Action Statute because it is a 'vested property right.'" *Id.* (citing *Baker v. Amazon Logistics, Inc.*, No. 23-3991, 2024 WL 4345073 (E.D. La. Sept. 30, 2024); *Smith v. Fortenberry*, No. 24-1647, 2024 WL 4462332, at *1 (E.D. La. Oct. 10, 2024); *Rogers v. Griffin*, No. 24-537 (La. App. 5 Cir. 12/20/24), 2024 WL 5183219)) *see also id.* at *6 (citing *Maise v. River Ventures, L.L.C.*, No. 23-5186, 2024 WL 4266698 (E.D. La. Sept. 23, 2024).) Undersigned thus found, based on these cases, that "Plaintiff invoked her procedural right under the Direct Action Statute [by filing suit], prior to the amendment's effective date on August 1, 2024, and thus, the legislative amendment cannot apply retroactively to divest Plaintiff of that right." *Id.* at *7.

The same reasoning applies here. Plaintiff filed suit on July 30, 2024. (Doc. 1-1 at 3–4.) As in *Tridico*, "the amendment to the Direct Action Statute cannot be applied retroactively to divest Plaintiffs of [their] right to sue the insurer which vested when [they] sued the insurer before the effective date of the amendment." 2025 WL 1244855, at *4. As a result, Defendant's motion must be denied.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that *Defendant Arch's Rule 12(b)(6) Motion to Dismiss For Failure To State A Claim* (Doc. 17) is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>May 15, 2025</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

5